UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Byron Eriberto Martinez Cruz, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:25-cv-12854-IT |
| | * | |
| Patricia Hyde, Field Office Director, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

October 10, 2025

TALWANI, D.J.

Before the court is Petitioner Byron Eriberto Martinez Cruz's Petition for Writ of Habeas Corpus [Doc. No. 1] challenging Petitioner's detention by U.S. Immigration and Customs Enforcement without a bond hearing. In response, Respondents assert, inter alia, that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(1).

I.   Background

On November 18, 2019, Petitioner applied for admission into the United States. Decl. of Keith Chan ¶ 7 [Doc. No. 16-1]. Petitioner was found to qualify as an unaccompanied alien child ("UAC") and was transferred into the custody of the Office of Refugee Resettlement. Id. On November 20, 2018, Petitioner was issued a Notice to Appear. Id. ¶ 8. On March 29, 2019, Petitioner was released from ORR custody on Petitioner's own recognizance. Id ¶ 9. On or about April 22, 2019, a Notice to Appear was filed with the Immigration Court initiating removal proceedings against Petitioner. Id. ¶ 10. Removal proceedings against the Petitioner were later dismissed on July 5, 2023. Id. ¶ 13. On January 28, 2023, Petitioner received Special Immigrant Juvenile Status. Decl. of Ellen Freidel, Ex. 1 SIJS Approval Notice with Deferred Action [Doc. No. 11-1].

On October 1, 2025, Petitioner was detained by Immigration and Customs Enforcement (ICE). Decl. of Keith Chan ¶ 16 [Doc. No. 16-1].

## II.  Discussion

Respondent argues that "Petitioner's detention is mandated by 8 U.S.C. § 1225(b)(1) as she is an arriving alien who is inadmissible to the United States." Opp'n 10-11 [Doc. No. 16]. Respondents contend that "Petitioner applied for admission at a port of entry and therefore was designated as an arriving alien under Section 1225." Id. at 11. Respondents argue further that because Petitioner was issued a Notice to Appear in removal proceedings seven years ago, Petitioner remains an "arriving alien." Id. at 11-12.

This reasoning is not supported by the statutory text. Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025). As this court has previously noted, "[w]hereas Section 1225(b) 'authorizes the Government to detain certain aliens seeking admission into the country,' Section 1226 'authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings.'" Id. at *5 (citing Jennings, 583 U.S. at 289). Petitioner was released from custody, her removal proceedings were later dismissed, and her application for SIJ status was approved. "There is no dispute that [Petitioner] had been residing in the United States for some time" at the point of Petitioner's detention, and as a result "Section 1225 does not apply to Petitioner." Id.

Finding as such, the court concludes that the reasoning Doe, remains correct. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, *3 (citing cases reaching the same conclusion).

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED. Respondents are ordered to release Petitioner from custody before 4:00 p.m. today. If

Respondents seek to re-detain Petitioner, they shall first notice and hold a bond hearing pursuant to 8 U.S.C. § 1226(a). Petitioner is ordered to attend any such bond hearing.

Respondents are further ORDERED to file a status report within 10 days of this Order notifying the court whether a bond hearing was sought, noticed, and held, and if so, whether Petitioner was granted bond or, if Petitioner's request for bond was denied. Any decision by the immigration judge to retain Martinez Cruz in custody following a bond hearing shall set forth the reasons for the continued detention.

The hearing on Petitioner's <u>Motion for Temporary Restraining Order</u> [Doc. No. 20] set for 1:30 p.m. today will be cancelled upon notice that Martinez Cruz has been released from custody in advance of that hearing.

IT IS SO ORDERED.

October 10, 2025                    /s/ Indira Talwani
                                    United States District Judge